JUDGE GRIESA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :

            -v.-                      :

DANNY SIONY,                          :
    a/k/a "Rahim Siuny Kalimi,"
SHIRIN KALIMI,                        :
    a/k/a "Shirin Siouny,"
EMMANUEL ROY, and                     :
TARIFF DILL,

            Defendants.              :

                                      :

- - - - - - - - - - - - - - - - - - - x



09 CRIM 940

### COUNT ONE
(Conspiracy To Commit Wire Fraud)

The Grand Jury charges:

### BACKGROUND

1.   At all times relevant to this Indictment, Joshua Funding Corp. ("Joshua Funding") was a mortgage brokerage firm located in Brooklyn, New York.  DANNY SIONY, a/k/a "Rahim Siuny Kalimi," the defendant, was a licensed mortgage broker who was the de facto owner of Joshua Funding, and SHIRIN KALIMI, a/k/a "Shirin Siouny," the defendant, was a licensed mortgage broker employed by Joshua Funding.

2.   At all times relevant to this Indictment, Kensington Realty Services, Inc. ("Kensington Realty") was a real estate company located in the same building as Joshua Funding in Brooklyn, New York.  DANNY SIONY, a/k/a "Rahim Siuny Kalimi," the

defendant, was a shareholder in Kensington Realty.

3.    At all times relevant to this Indictment, Kensington Land Services was a title company located in the same building as Joshua Funding and Kensington Realty in Brooklyn, New York.  SHIRIN KALIMI, a/k/a "Shirin Siouny," was a Title Production Manager at Kensington Land Services.

4.    At all times relevant to this Indictment, Australian Open Realty LLC ("Australian Open") was an entity controlled by DANNY SIONY, a/k/a "Rahim Siuny Kalimi," the defendant, which SIONY used to purchase certain residential properties.

5.    At all times relevant to this Indictment, Omega Consulting LLC ("Omega Consulting") was an entity controlled by TARIFF DILL, the defendant, through which he received payments relating to certain residential properties.

## THE SCHEME TO DEFRAUD

6.    At all times relevant to this Indictment, and through the fraudulent mortgage scheme described herein, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," SHIRIN KALIMI, a/k/a "Shirin Siouny," EMMANUEL ROY, and TARIFF DILL, the defendants, and others known and unknown, fraudulently brokered, obtained, and assisted others in obtaining certain home mortgage loans from various lending institutions (the "lenders").  Through their scheme, the defendants obtained numerous home mortgage loans under false and fraudulent pretenses, with a total face value of

2

over $6,800,000, many of which are now in default and/or foreclosure.

7.    In furtherance of the scheme to defraud, from at least in or about 2005 through in or about 2007, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," SHIRIN KALIMI, a/k/a "Shirin Siouny," EMMANUEL ROY, and TARIFF DILL, the defendants, and others known and unknown, prepared and submitted applications and supporting documentation for home mortgage loans with false or misleading information, in order to induce lenders to make loans to persons and at terms that the lenders otherwise would not have funded.

8.    As part of the scheme to defraud, in most instances DANNY SIONY, a/k/a "Rahim Siuny Kalimi," the defendant, identified properties located in New York City that were being sold at auction by court-appointed referees as a result of a foreclosure proceeding (the "target properties").  SIONY then placed bids on the target properties, either in his name or by using a nominee.  SIONY made deposits to secure the bids on the target properties, typically by causing official bank checks to be issued to the referees with funds from a bank account he controlled, including the account held in the name of Australian Open.  SIONY also typically paid the remainder of the foreclosure auction purchase price for the target properties with official bank checks, which were funded at least in part by the proceeds of the home mortgage loans obtained through the use of straw buyers for the target properties.  The loans to the straw buyers

3

were made close in time to the foreclosure proceeding purchase, in order to permit SIONY to complete the transaction, as explained below.

9.   As a further part of the scheme to defraud, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," EMMANUEL ROY, and TARIFF DILL, the defendants, recruited individuals with minimal real estate experience to act as straw buyers for the target properties and to obtain home mortgage loans.  The defendants recruited such straw buyers by, among other things, falsely telling them that purchasing the target properties would be a good investment opportunity.

10.   As a further part of the scheme to defraud, SHIRIN KALIMI, a/k/a "Shirin Siouny," the defendant, and others known and unknown, prepared and submitted loan applications on behalf of the straw buyers for home mortgage loans.  These loan applications purported to accurately represent the personal and financial information of each straw buyer to the lenders. However, KALIMI fraudulently improved the straw buyers' credit worthiness by falsifying personal and financial information about the straw buyers that was material to the lenders in making their lending decisions.  For example, KALIMI prepared and submitted false and misleading information concerning the straw buyers' employment, income, and assets, among other things.

11.   As a further part of the scheme to defraud, and in addition to the false statements concerning the straw buyers'

4

financial profile, SHIRIN KALIMI, a/k/a "Shirin Siouny," the defendant, and others known and unknown, falsely represented to the lenders that the straw buyers intended to reside primarily in the property that would secure each mortgage or loan, when, in fact, the straw buyers did not intend to live in the property.

12.   As a further part of the scheme to defraud, the defendants sought and obtained home mortgage loans for the target properties at values that were well in excess of the foreclosure auction price.  The difference between the auction price and the home mortgage loan amounts represented, in part, the defendants' profits from the scheme, and enabled them to fund the purchase of the target properties at auction.

13.   In order to induce the lenders to issue loans in amounts well above the foreclosure auction price, SHIRIN KALIMI, a/k/a "Shirin Siouny," the defendant, and others known and unknown, prepared additional fraudulent documents to be submitted to the lenders in support of the loan applications, such as falsified title reports and phony contracts of sale, which purported to show that Australian Open held title to the target properties and had contracted to sell these properties to the straw buyers at the inflated prices.  In truth and in fact, and as the defendants well knew, Australian Open had not purchased the target properties as indicated on the fraudulent title reports and therefore could not pass legal title to the straw buyers.

14.   As a further part of the scheme to defraud, once the home mortgage loans were approved by the lenders as a result of the defendants' fraudulent misrepresentations, the defendants caused the loan funds to be transferred via interstate wire to the bank account of the settlement agent, which was domiciled in New York, New York, on or about the dates of the closings of the purported sales of the target properties by Australian Open to the straw buyers.  The settlement agent then disbursed the funds by wire transfer and check to Australian Open and other entities for the benefit of the defendants, or to the defendants directly.

15.   In most instances, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," the defendant, then completed the transactions by using the funds that he obtained from the settlement agent to pay off the remainder of the purchase price of the target properties in the foreclosure auction proceeding.  In doing so, SIONY caused the straw buyers to acquire title to the target properties, even though SIONY or his nominee had placed the bids on the target properties and caused the payments to be made to the court-appointed referees to purchase the target properties.

16.   The defendants involved in each transaction distributed the proceeds from the fraudulently obtained home mortgage loans, as well as the fees they obtained in connection with the closings from their respective roles as broker, title agent, and attorney, amongst themselves and their co-conspirators for their personal gain.

6

## THE DEFENDANTS

17.   At various times relevant to this Indictment, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," the defendant, identified the target properties to be purchased by the straw buyers, and placed bids on and paid for the target properties in the auction proceedings, either directly, or through a nominee. SIONY also signed closing documents on behalf of Australian Open, which was represented to be the seller of the target properties in connection with the home mortgage loans obtained by the straw buyers.

18.   At various times relevant to this Indictment, SHIRIN KALIMI, a/k/a "Shirin Siouny," the defendant, ran the day-to-day activities of Joshua Funding's office and prepared and submitted fraudulent loan applications and supporting documents to the lenders.   KALIMI was also a Title Production Manager at Kensington Land Services, and created false title documents to be submitted to the lenders in connection with the home mortgage loans obtained by the straw buyers, which typically purported to show that Australian Open held title to the target properties.

19.   At various times relevant to this Indictment, EMMANUEL ROY, the defendant, was a lawyer licensed by the State of New York who recruited individuals to act as straw buyers and was paid to represent certain of those individuals at closings for the target properties.   ROY also obtained a power of attorney for at least one of the straw buyers and signed documents in the

straw buyer's name.

20.   At various times relevant to this Indictment, TARIFF DILL, the defendant, recruited individuals to act as straw buyers of the target properties.   DILL also obtained a power of attorney for at least two of the straw buyers and signed documents in the straw buyers' names.

## FRAUD AS TO SELECTED PROPERTIES

21.   As described above, in furtherance of the conspiracy and to effect the illegal object thereof, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," SHIRIN KALIMI, a/k/a "Shirin Siouny," EMMANUEL ROY, and TARIFF DILL, the defendants, and others known and unknown, through the use of fraudulent documents, obtained home mortgage loans for straw buyers to fund the purchase of distressed properties at inflated values, which properties the defendants had previously arranged to purchase through auction proceedings.   For example:

**Property Purchased by Straw Buyer 1**

a.   In or about 2006, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," the defendant, recruited a straw buyer ("Straw Buyer 1") to purchase a property located at 1063 Jefferson Avenue, Brooklyn, New York ("1063 Jefferson Avenue").   In or about September 2006, Straw Buyer 1 obtained a home mortgage loan for 1063 Jefferson Avenue in the amount of approximately $669,750. Documents prepared by SHIRIN KALIMI, a/k/a "Shirin Siouny," the

8

defendant, and submitted to the lender, NovaStar Mortgage, Inc.,
in connection with Straw Buyer 1's application for the home
mortgage loan contained numerous false representations.  Among
other things, the documents falsely represented that Straw Buyer
1 intended to live in the property as a primary residence and
falsely overstated Straw Buyer 1's income.  The documents also
falsely represented that Australian Open held title to the
property and had entered into a contract to sell the property to
Straw Buyer 1 for approximately $705,000.  The purported contract
of sale was signed by SIONY on behalf of Australian Open and
indicated that EMMANUEL ROY, the defendant, represented Straw
Buyer 1 in connection with the transaction.  In truth and in
fact, as the defendants well knew, Australian Open never held
title to the property, and Straw Buyer 1 obtained title to 1063
Jefferson Avenue through a referee's deed as a result of a
foreclosure auction proceeding.  The foreclosure auction price
was approximately $550,000.

**Properties Purchased by Straw Buyer 2**

       b.   In or about the summer of 2006, TARIFF DILL, the
defendant, recruited a straw buyer ("Straw Buyer 2") to purchase
properties located at 655 Greene Avenue, Brooklyn, New York ("655
Greene Avenue"), 204 New Jersey Avenue, Brooklyn, New York ("204
Jersey Avenue"), 207 Sumpter Street, Brooklyn, New York ("207
Sumpter Street"), and 462 Miller Avenue, Brooklyn, New York ("462

Miller Avenue").

      c.  In or about September 2006, Straw Buyer 2 obtained a home mortgage loan for 655 Greene Avenue in the amount of approximately $736,250. Documents prepared by SHIRIN KALIMI, a/k/a "Shirin Siouny," the defendant, and submitted to the lender, NovaStar Mortgage, Inc., in connection with Straw Buyer 2's application for the home mortgage loan contained numerous false representations. Among other things, the documents falsely represented that Straw Buyer 2 intended to live in the property as a primary residence and falsely overstated Straw Buyer 2's income. The documents also falsely represented that Australian Open held title to the property and had entered into a contract to sell the property to Straw Buyer 2 for approximately $775,000. The contract of sale was signed by DANNY SIONY, a/k/a "Rahim Siuny Kalimi," the defendant, on behalf of Australian Open and TARIFF DILL, the defendant, as attorney-in-fact for Straw Buyer 2, and indicated that EMMANUEL ROY, the defendant, represented Straw Buyer 2 in connection with the transaction. In truth and in fact, as the defendants well knew, Australian Open never held title to the property, and Straw Buyer 2 obtained title to 462 Miller Avenue through a referee's deed as a result of a foreclosure auction proceeding. The foreclosure auction price was approximately $562,000.

d.   In or about October 2006, Straw Buyer 2 obtained home mortgage loans for 204 New Jersey Avenue in the amount of approximately $562,000.  Documents prepared by SHIRIN KALIMI, a/k/a "Shirin Siouny," the defendant, and submitted to the lender, Countrywide Home Loans, Inc., in connection with Straw Buyer 2's application for the home mortgage loans contained numerous false representations.  Among other things, the documents falsely represented that Straw Buyer 2 intended to live in the property as a primary residence and falsely overstated Straw Buyer 2's income.  The documents also falsely represented that Australian Open held title to the property and had entered into a contract to sell the property to Straw Buyer 2 for approximately $562,000.  The contract of sale was signed by DANNY SIONY, a/k/a "Rahim Siuny Kalimi," the defendant, on behalf of Australian Open and indicated that EMMANUEL ROY, the defendant, represented Straw Buyer 2 in connection with the transaction.  In truth and in fact, as the defendants well knew, Australian Open never held title to the property, and Straw Buyer 2 obtained title to 204 New Jersey Avenue through a referee's deed as a result of a foreclosure auction proceeding.  The foreclosure auction price was approximately $365,000.

e.   In or about October 2006, Straw Buyer 2 obtained a home mortgage loan for 207 Sumpter Street in the amount of approximately $620,000.  Documents prepared by SHIRIN KALIMI,

11

a/k/a "Shirin Siouny," the defendant, and submitted to the lender, First Franklin, in connection with Straw Buyer 2's application for the home mortgage loan contained numerous false representations.   Among other things, the documents falsely represented that Straw Buyer 2 intended to live in the property as a primary residence and falsely overstated Straw Buyer 2's income.   The documents also falsely represented that Australian Open held title to the property and had entered into a contract to sell the property to Straw Buyer 2 for approximately $620,000. The contract of sale was signed by DANNY SIONY, a/k/a "Rahim Siuny Kalimi," the defendant, on behalf of Australian Open and indicated that EMMANUEL ROY, the defendant, represented Straw Buyer 2 in connection with the transaction.   In truth and in fact, as the defendants well knew, Australian Open did not hold title to the property at that time, and SIONY subsequently purchased 207 Sumpter Street through a foreclosure auction proceeding for approximately $435,000, and transferred title to Straw Buyer 2.

    f.   In or about November 2006, Straw Buyer 2 obtained home mortgage loans for 462 Miller Avenue in the amount of approximately $595,000.   Documents prepared by SHIRIN KALIMI, a/k/a "Shirin Siouny," the defendant, and submitted to the lender, WMC Mortgage Corp., in connection with Straw Buyer 2's application for the home mortgage loans contained numerous false

representations.   Among other things, the documents falsely represented that Straw Buyer 2 intended to live in the property as a primary residence and falsely overstated Straw Buyer 2's income.   The documents also falsely represented that Australian Open held title to the property and had entered into a contract to sell the property to Straw Buyer 2 for approximately $595,000, which was signed by DANNY SIONY, a/k/a "Rahim Siuny Kalimi," the defendant, on behalf of Australian Open.   In truth and in fact, as the defendants well knew, Australian Open never held title to the property, and Straw Buyer 2 purchased 462 Miller Avenue for approximately $300,000 from the lender that had foreclosed on the property.

**Properties Purchased by Straw Buyer 3**

g.   In or about September 2006, TARIFF DILL, the defendant, recruited another straw buyer ("Straw Buyer 3") to purchase properties located at 597 Bainbridge Street, Brooklyn, New York ("597 Bainbridge Street") and 1330 Herkimer Street, Brooklyn, New York ("1330 Herkimer Street").

h.   In or about September 2006, Straw Buyer 3 obtained home mortgage loans for 597 Bainbridge Street in the amount of approximately $630,000.   Documents prepared by SHIRIN KALIMI, a/k/a "Shirin Siouny," the defendant, and submitted to the lender, WMC Mortgage Corp., in connection with Straw Buyer 3's application for the home mortgage loans contained numerous false

13

representations.   Among other things, the documents falsely represented that Straw Buyer 3 intended to live in the property as a primary residence and falsely overstated Straw Buyer 2's income.   The documents also falsely represented that Australian Open held title to the property and had entered into a contract to sell the property to Straw Buyer 3 for approximately $630,000, which was signed by DANNY SIONY, a/k/a "Rahim Siuny Kalimi," the defendant, on behalf of Australian Open and by TARIFF DILL, the defendant, as attorney-in-fact for Straw Buyer 3.   In truth and in fact, as the defendants well knew, Australian Open never held title to the property, and Straw Buyer 3 obtained title to 597 Bainbridge Street through a referee's deed as a result of an auction proceeding.   The auction price was approximately $490,000.

          i.   In or about October 2006, Straw Buyer 3 obtained a home mortgage loan for 1330 Herkimer Street in the amount of approximately $646,000.  Documents prepared by SHIRIN KALIMI, a/k/a "Shirin Siouny," the defendant, and submitted to the lender, NovaStar Mortgage, Inc., in connection with Straw Buyer 3's application for the home mortgage loan contained numerous false representations.   Among other things, the documents falsely represented that Straw Buyer 3 intended to live in the property as a primary residence and falsely overstated Straw Buyer 3's income.   The documents also falsely represented that Australian

14

Open held title to the property and had entered into a contract to sell the property to Straw Buyer 3 for approximately $680,000, which was signed by DANNY SIONY, a/k/a "Rahim Siuny Kalimi," the defendant, on behalf of Australian Open.  In truth and in fact, as the defendants well knew, Australian Open never held title to the property, and Straw Buyer 3 obtained title to 1330 Herkimer Street through a referee's deed as a result of a foreclosure auction proceeding.  The foreclosure auction price was approximately $500,000.

**Property Purchased by Straw Buyer 4**

j.   In or about 2006, EMMANUEL ROY, the defendant, recruited a straw buyer ("Straw Buyer 4") to purchase a property located at 377 Quincy Street, Brooklyn, New York ("377 Quincy Street").  In or about October 2006, Straw Buyer 4 obtained home mortgage loans for 377 Quincy Street in the amount of approximately $580,000.  Documents prepared by SHIRIN KALIMI, a/k/a "Shirin Siouny," the defendant, and submitted to the lender, WMC Mortgage Corp., in connection with Straw Buyer 4's application for the home mortgage loans contained numerous false representations.  Among other things, the documents falsely represented that Straw Buyer 4 intended to live in the property as a primary residence and falsely overstated Straw Buyer 4's income.  The documents also falsely represented that Australian Open held title to the property and had entered into a contract to sell the property to Straw Buyer 4 for approximately $580,000,

which was signed by DANNY SIONY, a/k/a "Rahim Siuny Kalimi," the defendant, on behalf of Australian Open.   In truth and in fact, as the defendants well knew, Australian Open never held title to the property, and Straw Buyer 4 obtained title to 377 Quincy Street through a referee's deed as a result of a foreclosure auction proceeding.   The foreclosure auction price was approximately $381,000.

**Properties Purchased by Straw Buyer 5**

k.   In or about 2006, EMMANUEL ROY, the defendant, recruited a straw buyer ("Straw Buyer 5") to purchase several properties in Brooklyn, New York, including properties located at 40 Monroe Street, Brooklyn, New York ("40 Monroe Street") and 106 Snediker Avenue, Brooklyn, New York ("106 Snediker Avenue").

l.   In or about December 2006, Straw Buyer 5 obtained home mortgage loans for 40 Monroe Street in the amount of approximately $670,000.   Documents prepared by SHIRIN KALIMI, a/k/a "Shirin Siouny," the defendant, and submitted to the lender, NovaStar Mortgage, Inc., in connection with Straw Buyer 5's application for the home mortgage loans contained numerous false representations.   Among other things, the documents falsely represented that Straw Buyer 5 intended to live in the property as a primary residence and falsely overstated Straw Buyer 5's income.   The documents also falsely represented that Australian Open held title to the property and had entered into a contract to sell the property to Straw Buyer 5 for approximately $670,000,

16

which was signed by DANNY SIONY, a/k/a "Rahim Siuny Kalimi," the defendant, on behalf of Australian Open.  In truth and in fact, as the defendants well knew, Australian Open never held title to the property, and Straw Buyer 5 obtained title to 40 Monroe Street through a referee's deed as a result of a foreclosure auction proceeding.  The foreclosure auction price was approximately $580,000.

       m.   In or about February 2007, Straw Buyer 5 obtained home mortgage loans for 106 Snediker Avenue in the amount of approximately $560,000.  Documents prepared by SHIRIN KALIMI, a/k/a "Shirin Siouny," the defendant, and submitted to the lender, Countrywide Home Loans, Inc., in connection with Straw Buyer 5's application for the home mortgage loans contained numerous false representations.  Among other things, the documents falsely represented that Straw Buyer 5 intended to live in the property as a primary residence and falsely overstated Straw Buyer 5's income.  The documents also falsely represented that Australian Open held title to the property and had entered into a contract to sell the property to Straw Buyer 5 for approximately $560,000.  The purported contract of sale was signed by DANNY SIONY, a/k/a "Rahim Siuny Kalimi," the defendant, on behalf of Australian Open and by EMMANUEL ROY, the defendant, as attorney-in-fact for Straw Buyer 5.  In truth and in fact, as the defendants well knew, Australian Open never held title to the

property, and Straw Buyer 5 obtained title to 106 Snediker Avenue through a referee's deed as a result of a foreclosure auction proceeding.   The foreclosure auction price was approximately $405,000.

**Properties Purchased by Straw Buyer 6**

n.   In or about 2006, EMMANUEL ROY, the defendant, recruited a straw buyer ("Straw Buyer 6") to purchase three properties located in Brooklyn, New York, including a property located at 236 Palmetto Street, Brooklyn, New York ("236 Palmetto Street").   In or about March 2007, Straw Buyer 6 obtained home mortgage loans for 236 Palmetto Street in the amount of approximately $546,250.   Documents submitted to the lender, Impac Funding Corporation, in connection with Straw Buyer 6's application for the home mortgage loans contained numerous false representations.   Among other things, the documents falsely represented that Straw Buyer 6 intended to live in the property as a primary residence and falsely overstated Straw Buyer 6's income.   The documents also falsely represented that Australian Open held title to the property and had entered into a contract to sell the property to Straw Buyer 6 for approximately $575,000, which was signed by DANNY SIONY, a/k/a "Rahim Siuny Kalimi," the defendant, on behalf of Australian Open.   In truth and in fact, as the defendants well knew, Australian Open never held title to the property, and Straw Buyer 6 obtained title to 236 Palmetto Street through a referee's deed as a result of a foreclosure

18

auction proceeding.  The foreclosure auction price was approximately $350,000.

## STATUTORY ALLEGATION

22.  From at least in or about 2005 through in or about 2007, in the Southern District of New York and elsewhere, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," SHIRIN KALIMI, a/k/a "Shirin Siouny," EMMANUEL ROY, and TARIFF DILL, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Section 1343 of Title 18, United States Code.

23.  It was a part and an object of the conspiracy that DANNY SIONY, a/k/a "Rahim Siuny Kalimi," SHIRIN KALIMI, a/k/a "Shirin Siouny," EMMANUEL ROY, and TARIFF DILL, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## OVERT ACTS

24.    In furtherance of the conspiracy and to effect the illegal object thereof, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," SHIRIN KALIMI, a/k/a "Shirin Siouny," EMMANUEL ROY, and TARIFF DILL, the defendants, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.    On or about September 7, 2006, SHIRIN KALIMI, a/k/a "Shirin Siouny," signed the home mortgage loan application submitted on behalf of Straw Buyer 2 in connection with the purchase of 655 Greene Avenue.

b.    On or about September 15, 2006, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," attended the closing for the purchase of 1063 Jefferson Avenue by Straw Buyer 1 and executed documents on behalf of Australian Open, the purported seller of the property.

c.    On or about September 25, 2006, TARIFF DILL, the defendant, signed documents on behalf of Straw Buyer 2 in connection with the purchase of 655 Greene Avenue, pursuant to a power of attorney.

d.    On or about February 20, 2007, EMMANUEL ROY, the defendant, signed documents on behalf of Straw Buyer 5 in connection with the purchase of 106 Snediker Avenue, pursuant to a power of attorney.

e.    From in or about September 2006 through in or

20

about March 2007, the defendants, by their actions, caused home mortgage loan funds to be transferred via interstate wire from various lenders to a bank account in New York, New York.

(Title 18, United States Code, Section 1349.)

### COUNT TWO

(Wire Fraud re: 1063 Jefferson Avenue, Brooklyn, New York)

The Grand Jury further charges:

25.   The allegations contained in paragraphs 1 through 21 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

26.   In or about September 2006, in the Southern District of New York and elsewhere, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," and SHIRIN KALIMI, a/k/a "Shirin Siouny," the defendants, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, the defendants participated in a scheme to defraud NovaStar Mortgage, Inc. by obtaining a home mortgage loan for Straw Buyer 1 in the amount of approximately $669,750, through the use of false statements and fraudulent documents, to fund the purchase of 1063 Jefferson Avenue, Brooklyn, New York,

and caused such funds to be transferred via interstate wire to a
bank account in New York, New York.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT THREE
(Wire Fraud re: 655 Greene Avenue, Brooklyn, New York)

The Grand Jury further charges:

27.  The allegations contained in paragraphs 1 through
2_ above are hereby repeated, realleged, and incorporated by
reference as if fully set forth herein.

28.  In or about September 2006, in the Southern
District of New York and elsewhere, DANNY SIONY, a/k/a "Rahim
Siuny Kalimi," SHIRIN KALIMI, a/k/a "Shirin Siouny," and TARIFF
DILL, the defendants, unlawfully, willfully, and knowingly,
having devised and intending to devise a scheme and artifice to
defraud, and for obtaining money and property by means of false
and fraudulent pretenses, representations, and promises, did
transmit and cause to be transmitted by means of wire and radio
communication in interstate and foreign commerce, writings,
signs, signals, pictures, and sounds for the purpose of executing
such scheme and artifice, to wit, the defendants participated in
a scheme to defraud NovaStar Mortgage, Inc. by obtaining a home
mortgage loan for Straw Buyer 2 in the amount of approximately
$136,250, through the use of false statements and fraudulent
documents, to fund the purchase of 655 Greene Avenue, Brooklyn,

New York, and caused such funds to be transferred via interstate wire to a bank account in New York, New York.

(Title 18, United States Code, Sections 1343 and 2.)

**COUNT FOUR**
(Wire Fraud re: 204 New Jersey Avenue, Brooklyn, New York)

The Grand Jury further charges:

29.   The allegations contained in paragraphs 1 through 21 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

30.   In or about October 2006, in the Southern District of New York and elsewhere, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," SHIRIN KALIMI, a/k/a "Shirin Siouny," and TARIFF DILL, the defendants, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, the defendants participated in a scheme to defraud Countrywide Home Loans, Inc. by obtaining a home mortgage loan for Straw Buyer 2 in the amount of approximately $562,000, through the use of false statements and fraudulent documents, to fund the purchase of 204 New Jersey Avenue, Brooklyn, New York, and caused such funds to be

23

transferred via interstate wire to a bank account in New York, New York.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT FIVE
(Wire Fraud re: 207 Sumpter Street, Brooklyn, New York)

The Grand Jury further charges:

31. The allegations contained in paragraphs 1 through 21 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

32. In or about October 2006, in the Southern District of New York and elsewhere, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," SHIRIN KALIMI, a/k/a "Shirin Siouny," and TARIFF DILL, the defendants, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, the defendants participated in a scheme to defraud First Franklin by obtaining a home mortgage loan for Straw Buyer 2 in the amount of approximately $620,000, through the use of false statements and fraudulent documents, to fund the purchase of 207 Sumpter Street, Brooklyn, New York, and

caused such funds to be transferred via interstate wire to a bank account in New York, New York.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT SIX
(Wire Fraud re: 462 Miller Avenue, Brooklyn, New York)

The Grand Jury further charges:

33.   The allegations contained in paragraphs 1 through 21 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

34.   In or about November 2006, in the Southern District of New York and elsewhere, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," SHIRIN KALIMI, a/k/a "Shirin Siouny," and TARIFF DILL, the defendants, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, the defendants participated in a scheme to defraud WMC Mortgage Corp. by obtaining a home mortgage loan for Straw Buyer 2 in the amount of approximately $595,000, through the use of false statements and fraudulent documents, to fund the purchase of 462 Miller Avenue, Brooklyn,

New York, and caused such funds to be transferred via interstate wire to a bank account in New York, New York.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT SEVEN
(Wire Fraud re: 597 Bainbridge Street, Brooklyn, New York)

The Grand Jury further charges:

35.   The allegations contained in paragraphs 1 through 21 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

36.   In or about September 2006, in the Southern District of New York and elsewhere, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," SHIRIN KALIMI, a/k/a "Shirin Siouny," and TARIFF DILL, the defendants, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, the defendants participated in a scheme to defraud WMC Mortgage Corp. by obtaining a home mortgage loan for Straw Buyer 3 in the amount of approximately $630,000, through the use of false statements and fraudulent documents, to fund the purchase of 597 Bainbridge Street,

Brooklyn, New York, and caused such funds to be transferred via interstate wire to a bank account in New York, New York.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT EIGHT

(Wire Fraud re: 1330 Herkimer Street, Brooklyn, New York)

The Grand Jury further charges:

37.  The allegations contained in paragraphs 1 through 21 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

38.  In or about October 2006, in the Southern District of New York and elsewhere, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," SHIRIN KALIMI, a/k/a "Shirin Siouny," and TARIFF DILL, the defendants, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, the defendants participated in a scheme to defraud NovaStar Mortgage, Inc. by obtaining a home mortgage loan for Straw Buyer 3 in the amount of approximately $646,000, through the use of false statements and fraudulent documents, to fund the purchase of 1330 Herkimer Street,

Brooklyn, New York, and caused such funds to be transferred via interstate wire to a bank account in New York, New York.

(Title 18, United States Code, Sections 1343 and 2.)

**COUNT NINE**

(Wire Fraud re: 377 Quincy Street, Brooklyn, New York)

The Grand Jury further charges:

39.  The allegations contained in paragraphs 1 through 21 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

40.  In or about September 2006, in the Southern District of New York and elsewhere, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," SHIRIN KALIMI, a/k/a "Shirin Siouny," and EMMANUEL ROY, the defendants, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, the defendants participated in a scheme to defraud WMC Mortgage Corp. by obtaining a home mortgage loan for Straw Buyer 4 in the amount of approximately $580,000, through the use of false statements and fraudulent documents, to fund the purchase of 377 Quincy Street, Brooklyn,

New York, and caused such funds to be transferred via interstate wire to a bank account in New York, New York.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT TEN
(Wire Fraud re: 40 Monroe Street, Brooklyn, New York)

The Grand Jury further charges:

41.   The allegations contained in paragraphs 1 through 2 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

42.   In or about December 2006, in the Southern District of New York and elsewhere, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," SHIRIN KALIMI, a/k/a "Shirin Siouny," and EMMANUEL ROY, the defendants, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, the defendants participated in a scheme to defraud NovaStar Mortgage, Inc. by obtaining a home mortgage loan for Straw Buyer 5 in the amount of approximately $670,000, through the use of false statements and fraudulent documents, to fund the purchase of 40 Monroe Street, Brooklyn,

New York, and caused such funds to be transferred via interstate wire to a bank account in New York, New York.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT ELEVEN
(Wire Fraud re: 106 Snediker Avenue, Brooklyn, New York)

The Grand Jury further charges:

43.  The allegations contained in paragraphs 1 through 21 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

44.  In or about February 2007, in the Southern District of New York and elsewhere, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," SHIRIN KALIMI, a/k/a "Shirin Siouny," and EMMANUEL ROY, the defendants, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, the defendants participated in a scheme to defraud Countrywide Home Loans, Inc. by obtaining a home mortgage loan for Straw Buyer 5 in the amount of approximately $560,000, through the use of false statements and fraudulent documents, to fund the purchase of 106 Snediker Avenue, Brooklyn, New York, and caused such funds to be

transferred via interstate wire to a bank account in New York, New York.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT TWELVE

(Wire Fraud re: 236 Palmetto Street, Brooklyn, New York)

The Grand Jury further charges:

45.   The allegations contained in paragraphs 1 through 21 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

46.   In or about March 2007, in the Southern District of New York and elsewhere, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," and EMMANUEL ROY, the defendants, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, the defendants participated in a scheme to defraud Impac Funding Corporation by obtaining a home mortgage loan for Straw Buyer 6 in the amount of approximately $546,250, through the use of false statements and fraudulent documents, to fund the purchase of 236 Palmetto Street, Brooklyn, New York, and caused such funds to be

31

transferred via interstate wire to a bank account in New York, New York.

(Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE ALLEGATION

47.   As a result of committing one or more of the offenses alleged in Counts One through Twelve of this Indictment, DANNY SIONY, a/k/a "Rahim Siuny Kalimi," SHIRIN KALIMI, a/k/a "Shirin Siouny," EMMANUEL ROY, and TARIFF DILL, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses alleged in Counts One through Twelve of the Indictment, including but not limited to at least $6,800,000 in United States currency, in that such sum in aggregate is property representing the approximate amount of proceeds obtained as a result of the wire fraud offenses, for which the defendants are jointly and severally liable.

## SUBSTITUTE ASSET PROVISION

48.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

> a.   cannot be located upon the exercise of due
> diligence;
>
> b.   has been transferred or sold to, or deposited

32

with, a third person;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

        (Title 18, United States Code, Section 981;
       Title 21, United States Code, Section 853; and
       Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
PREET BHARARA JSK
United States Attorney

33

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DANNY SIONY,
a/k/a "Rahim Siuny Kalimi,"
SHIRIN KALIMI,
a/k/a "Shirin Siouny,"
EMMANUEL ROY, and
TARIFF DILL,

Defendants.

## INDICTMENT

09 Cr.

(18 U.S.C. §§ 1343, 1349 and 2.)

PREET BHARARA
United States Attorney

*[signature]*

...led Indictment Under Seal 1/w's issued.

Francis
U.S.M.J